## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **KEPHREN THOMAS, #15007398** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:15-CV-1628-K-BK** |
| | § | |
| **STEPHEN DUPLANTIS, et al.,** | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

### I. BACKGROUND

Plaintiff attempts to sue Dallas County Assistant Public Defender Stephen Duplantis, Dallas County District Judge Rick Magnus, and the Dallas County District Attorney's Office for legal malpractice, ineffective assistance of counsel, criminal conspiracy, and malicious prosecution in connection with his pending criminal case, *State v. Thomas*, No. F15-51945 (283rd Judicial District Court, Dallas County). Doc. 7 at 3. Plaintiff asserts that Duplantis has done nothing on his criminal case since his arrest on February 7, 2015. Plaintiff maintains that Duplantis sent him a form letter with general guilty plea information, but refused to visit him at the jail or file any motions, and later advised him that all discussions would be held at the courthouse when it was time for trial. Doc. 3 at 4. Plaintiff subsequently filed a motion to relieve counsel, which remains pending.

Plaintiff maintains that, subsequently, on May 1, 2015, before a court hearing, counsel became angry and was very disrespectful to him when Plaintiff questioned counsel about what he had done in the case apart from relaying the state's two-year plea offer.  Doc. 7 at 5.  According to Plaintiff, Judge Magnus then refused to dismiss counsel (although counsel admitted the presence of a conflict of interest), and denied Plaintiff's motion to proceed *pro se*.  Doc. 7 at 5.  The Judge also set the case for jury trial, which prevented Plaintiff from seeking a personal recognizance bond.  Doc. 7 at 5.  With respect to the Dallas County District Attorney's Office, Plaintiff alleges only: "criminal conspiracy, policy of malicious & selective enforcement of law that is unwritten, malicious prosecution, and mentions "14th Amendment Due Process & Equal Protection."  Doc. 7 at 3.  Plaintiff requests "declare my rights, issue an injunction to relieve both Stephen Duplantis & Rick Magnus from my superior court case, punitive damages in the amount of $200,000.00 US D per Defendant, reasonable award of attorney & court fees/expert witness fees."  Doc. 7 at 6.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally

construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").   Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Judge Magnus is entitled to absolute immunity from the claim for damages.  His complained of actions were performed in his capacity and function as a judge.  *Stump v. Sparkman*, 435 U.S. 349, 361-362 (1978).  "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion."  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Moreover, Plaintiff cannot satisfy the "under color of state law" requirement with respect to Attorney Duplantis for acts and omissions during his state criminal prosecution.[1]  *See Polk County v. Dodson*, 454 U.S. 312, 324-325 (1981) (public defender does not act under color of state law in representing a defendant in a criminal case).  Further, Plaintiff's assertions of a "criminal conspiracy" are entirely conclusory and are insufficient to raise a section 1983 cause of action.  *Small v. Dallas County, Texas,* 170 Fed. App'x 943, 944 (5th Cir. 2006).  In addition, insofar as Plaintiff requests the assignment of a new attorney and trial judge for his pending state charges, his request is not cognizable in this section 1983 action.

Likewise Plaintiff's claims against the Dallas County District Attorney's Office fare no better.  Any claim for monetary damages against the District Attorney is barred by the doctrine of absolute immunity.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial

---

[1] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

proceedings and in presenting the State's case.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).  Additionally, insofar as Plaintiff alleges the District Attorney violated his Constitutional rights by engaging in malicious prosecution, his claim fails as a matter of law. "[A] freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [i]s not viable." *See Cuadra v. Houston Independent School Dist.*, 626 F.3d 808, 812-813 (5th Cir. 2010). Rather, the plaintiff "must allege 'that officials violated specific constitutional rights in connection with a malicious prosecution.'" *Id.* at 812 (quoting *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)).  Here, Plaintiff fails to make any specific claims as to how the Dallas County District Attorney allegedly violated his constitutional rights.  Moreover, the complaint is devoid of allegations reasonably suggesting any possible constitutional violation in connection with his alleged malicious prosecution.

Consequently, Plaintiff's civil rights complaint lacks any basis in law and should be dismissed as frivolous.

### III. MOTION FOR PRELIMINARY INJUNCTION

On June 9, 2015, Plaintiff filed a motion for preliminary injunction, claiming the law library at the Dallas County Jail is inadequate, copies and writing supplies are unavailable, and he is granted access to the law library only one-hour per week.  Doc. 9 at 1.  Plaintiff requests adequate resources to litigate this civil case, including copies and legal and writing supplies, and a daily, two-hour law library session.  Doc. 9 at 1.

A party seeking a temporary restraining order or preliminary injunction must prove each of the following elements:  (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the

injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff has not met his burden of establishing any of the requirements for a preliminary injunction. As previously noted, Plaintiff's claims lack any legal basis. In addition, his claim of denial of access to an adequate law library, analyzed under the more general right of access to the courts, fails. While prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822-823(1977), the right is limited to "encompass[] only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Moreover, Plaintiff fails to satisfy the "actual injury" requirement -- i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. *See also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff does not claim that he was unable to challenge a prior conviction or the conditions of his confinement. *See Lewis*, 518 U.S. at 353 n. 4 (The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials."). In addition, he cannot show that the denial of access prejudiced his position as a litigant since his claims lack any legal basis.

Accordingly, Plaintiff's motion for a temporary restraining order and a preliminary injunction should be denied.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion for a temporary restraining order and a preliminary injunction [Doc. 9] be denied, and that his complaint under 42 U.S.C. § 1983 be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

SIGNED June 24, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE